## Robertson v. Hatfield, Appellant.

*Trust and trustees—Contracts—Construction—Agreement for support of child—Discretion of trustee—Accumulations—Act of April 18, 1853, P. L. 503.*

1. Where an agreement between the father and mother of a child, and a trustee, provides for the payment by the father to the trustee of $5,000.00 annually to be used by the trustee, "in her discretion for and toward the care, support, maintenance and education" of the child, without any liability to account to the father "for the manner in which said money, or any part thereof, is expended; the intention thereof being that that sum shall be spent each and every year during said child's life for the purposes stated, in the sole and absolute discretion of the party receiving the same," such trustee or her substituted trustee has absolute discretion as to how much is to be expended for the purpose of the agreement; and where the substituted trustee expends $2,400.00 in a year, refusing to expend more on the ground that said sum was sufficient, the father is not entitled to have returned to him the unexpended balance in the hands of the trustee at the end of the year, but such balance can be used by the trustee at any time during the life of the child for her education, support, and maintenance.

2. In such case the interest or income from unexpended money in the hands of the trustee cannot be recovered by the father on the ground that such money is a void accumulation under the Act of April 18, 1853, P. L. 503.

Argued Jan. 7, 1914. Appeal, No. 194, Jan. T., 1913, by cross plaintiff, from decree of C. P. No. 1, Philadelphia Co., Dec. T., 1911, No. 5304, in Equity, dismissing cross bill in case of Lee Henry Robertson v. Charles J. Hatfield and James Spear, Jr. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill and cross bill in equity to enforce an agreement for the support of appellant's daughter. Before BREGY, P. J.

From the record it appeared that James Spear, Jr., and Lee Henry Robertson, formerly husband and wife, entered into a written agreement, to which also the trustee under the agreement was a party, providing for the support of their child, Louise Henry Spear, the material part of which agreement was as follows:

2. That the said James Spear, Jr., will on the day of the execution of this agreement, pay to Mrs. Louise S. Hatfield, the sum of two thousand dollars, and will give to her at the same time a check for the further sum of two thousand five hundred dollars payable July 5, 1908; and thereafter within ten days from the first day of January of each and every year, so long as his daughter Louise Henry Spear, shall live, will pay to the said Mrs. Louise S. Hatfield the sum of five thousand dollars, if his income from his father's estate, payable in January exceeds the sum of ten thousand dollars, but if it is less than that sum he shall pay to her one-half of the income then receivable, and the balance, so as to amount to five thousand dollars per year, on the first day of April of that year, all said sums to be used by her, in her discretion, for and towards the care, support, maintenance and education of the said Louise Henry Spear, without any liability to account to the said James Spear, Jr., for the manner in which said money, or any part thereof, is expended; the intention hereof being that that sum shall be spent each and every year during said child's life for the purposes stated, in the sole and absolute discretion of the party receiving the same.

Mrs. Hatfield, the original trustee, died and her husband succeeded her as trustee, under the terms of the agreement. He declined to expend more than $2,400 a year for the purposes of the agreement, on the ground that this was enough for the support of the daughter. Lee Henry Robertson filed a bill in equity against the

trustee and James Spear, Jr., to require the trustee to expend the entire amount received by him ($5,000) for the maintenance and education of the daughter, Louise Henry Spear, or if any surplus remained to pay it over to plaintiff. James Spear, Jr., was allowed to intervene and filed a cross bill against the trustee and Lee Henry Robertson, praying that the balance remaining in the hands of the trustee, after providing for the support of the daughter, should be returned to him.

In dismissing the bill and cross bill the following were the facts found and the legal conclusions reached by the court below:

1. On April 20, 1908, Lee Henry Robertson (at that time Lee Henry Spear), the plaintiff in the original bill in equity; James Spear, Jr., the plaintiff in the cross bill, and Louise S. Hatfield, entered into the agreement set forth as Exhibit A to both bill and cross bill.

2. By the will of the father of the said James Spear, Jr., mentioned in said agreement, the latter receives the income of the sum of $669,551.16 for life, with the right to dispose of $50,000 thereof by will, and with remainder, as to the balance, to the children of said James Spear, Jr.

3. Louise Henry Spear, named in said agreement, is the only child of the said James Spear, Jr. She was born February 7, 1904, and has always resided with her mother, Lee Henry Robertson. Their present residence is and for some time has been at Ruxton, Baltimore County, Maryland.

4. On August 22, 1909, said Louise S. Hatfield, the trustee named in said agreement, died, and Charles J. Hatfield, the substituted trustee named therein, and a defendant in both bill and cross bill, accepted the trust under said agreement, and is still acting as such trustee.

5. On May 11, 1910, the said Lee Henry Spear intermarried with Charles E. Robertson.

6. On February 1, 1912, the said Lee Henry Robertson was duly appointed guardian of the person and

estate of the said Louise Henry Spear by the Orphans' Court of said Baltimore County, Maryland.

7. During the year 1911, the said James Spear, Jr., paid to the said Charles J. Hatfield in accordance with said agreement, the said sum of $5,000 for that year, and thereof the latter, against the protests of plaintiff, expended only the sum of $2,400 "for and towards the care, support, maintenance and education of the said Louise Henry Spear," claiming that that sum was a sufficient expenditure for those purposes. That claim was and is disputed by the said Lee Henry Robertson, individually and as guardian as aforesaid, but it was agreed between counsel that all questions relating to the amount which should have been expended shall be left open until the questions arising out of the construction of said agreement shall have been finally determined.

8. Upon said unexpended balance of $2,600 interest has accumulated in the sum of $118.62.

9. On February 3, 1912, the said James Spear, Jr., paid to the said Charles J. Hatfield, the said sum of $5,000 for that year, and thereout the said Charles J. Hatfield has expended each month the sum of $200, and has made an additional payment of $224 to cover the summer vacation of said Louise Henry Spear, and a bill for expenses growing out of the illness of her nurse.

10. James Spear, Jr., was divorced from Lee Henry Robertson (then Spear) on May 3, 1910.

11. The trustee is allowing $200 per month for the care, support, maintenance and education of the child, and states that he considers that to be the proper amount to expend for such purposes.

12. No evidence was offered to show that the child requires a greater allowance or more money than the trustee has allowed.

13. James Spear, Jr., paid under said agreement to the trustee on February 3, 1912, the sum of $5,000 under

protest that the unexpended balance should be credited on that amount.

### CONCLUSIONS OF LAW.

1. The fundamental purpose of the agreement of April 22, 1908, is to create a fund for the care, support, maintenance and education of Louise Henry Spear by imposing upon James Spear, Jr., an obligation to pay to the trustee under said agreement the sum of $5,000 per year.

2. The agreement of April 22, 1908, confers upon the trustee an absolute discretion as to how much of the fund under his control shall be expended in any year for the purposes for which the fund is created.

3. The agreement of April 22, 1908, confers upon the trustee an absolute discretion as to when the money under his control shall be expended for the purposes therein set forth.

4. Under the agreement of April 22, 1908, the unexpended balance of the fund created under the said agreement remaining in the hands of the trustee is subject to use at any time during the lifetime of Louise Henry Spear for the purposes set forth in the said agreement.

5. At this time, Louise Henry Spear being still alive, Lee Henry Robertson, the plaintiff in the bill filed in this cause, has no right to the unexpended balance in the hands of the trustee under the agreement of April 22, 1908.

6. At this time, Louise Henry Spear being still alive, James Spear, Jr., the plaintiff in the cross bill filed in this cause, has no right to the unexpended balance in the hands of the trustee under the agreement of April 22, 1908.

7. It is not necessary at this time to determine the rights that may exist under the agreement of April 22, 1908, as to any unexpended balance in the hands of the trustee at the time of the death of Louise Henry Spear.

8. The bill and cross bill should be dismissed.

The costs in each case to be paid by the party filing the bill, to wit:   Lee Henry Robertson the costs in the original bill and James Spear. Jr., the costs in the cross bill.

The appeal of the complainant in the bill was dismissed:  Robertson v. Hatfield, et al., 240 Pa. 476; and this appeal is from the decree dismissing the cross bill.

*Error assigned,* among others, was in dismissing the cross bill.

*Martin V. Bergen* and *John G. Johnson,* for appellant.

*James Collins Jones,* for appellee.

OPINION BY MR. JUSTICE BROWN, February 9, 1914:

The express agreement of the appellant is to pay to a trustee for his daughter, Louise Henry Spear, $5,000 each year so long as she shall live, without any liability on the part of the trustee to account to him for the manner in which said money, or any part thereof, is expended in her education, support and maintenance. If in any one year the whole sum of $5,000 should not be so expended, nothing appears in the agreement, either in express words or by implication, indicating an intention that any unexpended balance in any year is to be returned to the appellant.   If it had been so intended, it is to be fairly assumed that, at the time the appellant made the provision for his daughter, he would have seen to it that such intention appeared in the agreement.   As it is written, it imposes upon him the duty of paying $5,000 each year, without regard to how that sum may have been spent in any preceding year, and this duty is to continue so long as his daughter lives.   His absolute duty is to pay, with no right to question what the trustee does with the money in the education, support and maintenance of his daughter.   At the time the agreement was entered into she was only four years of age, and, when

this proceeding was instituted, but eight. What might be needed for her support as a little child would be inadequate for her maintenance and education as she grew older, and would be utterly disproportionate to her needs in mature life. To provide for her in all the stages of her life was the manifest purpose of the agreement, and the exemption of the trustee from liability to account extends through the whole period of her life. What he does not expend in one year he may use in the next, or save it until the needs of the child, grown older, may require it. The learned court below, therefore, correctly concluded that, under the agreement, any unexpended balance of the fund created by it remaining in the hands of the trustee is subject to use at any time during the lifetime of Louise Henry Spear for the purposes set forth in the agreement, and that the appellant has not at present any right to any unexpended balance in the hands of the trustee.

The claim of the appellant to any unexpended balance in the hands of the trustee at the end of each year is based upon the following clause in the agreement: "The intention hereof being that that sum shall be spent each and every year during said child's life for the purposes stated, in the sole and absolute discretion of the party receiving the same." This clause must be read in connection with what immediately precedes it, and, when so read, nothing is to be found in it restricting the discretion of the trustee as to when the money is to be used for the purposes set forth in the agreement. "All said sums" of $5,000, paid by the appellant, are to be used by the trustee with unlimited discretion and without liability to account at any time "for the manner in which said money, or any part thereof, is expended." This means, if it means anything, that, during the lifetime of his daughter, the appellant is to have no interest whatever in the moneys which he yearly pays to the trustee. The clause upon which he relies in demanding unexpended balances is not expressive of an independent

intention in conflict with the plain meaning of the words immediately preceding. This was the correct conclusion of the learned chancellor below.

As to the claim of the appellant to interest or income from unexpended moneys in the hands of the trustee, on the ground that it is a void accumulation under the Act of April 18, 1853, P. L. 503, it is sufficient to say that the income or interest is but an incident to the administration of the trust. The trustee, in her discretion, may at any time expend not only any accumulated interest, but all principal as well, in her hands, without liability to account to the appellant for doing so. The Act of 1853 is not in the case.

Appeal dismissed at appellant's costs.